IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JIMMIE KIMBROUGH,**

    Petitioner,

v.

**STUART HUDSON, Warden,**

    Respondent.

CASE NO. 2:09-cv-306
**JUDGE GRAHAM**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On November 1, 2002, the Licking County Grand Jury indicted appellant, Jimmie Kimbrough, on one count of robbery in violation of R.C. 2911.02 and one count of kidnapping in violation of R.C. 2905.01. Said charges arose from an incident on October 26, 2002 wherein a bar was robbed and the bartender was tied up.
>
> On January 24, 2003, appellant pled guilty as charged. By judgment entry filed February 19, 2003, the trial court sentenced appellant to five years on each count, to be served consecutively.

> Appellant filed an appeal concerning his consecutive sentencing. This court affirmed the sentence. See, *State v. Kimbrough* (December 4, 2003), Licking App. No. 03CA48.
>
> On June 24, 2000, appellant filed a motion for post conviction relief, claiming ineffective assistance of counsel. By Judgment Entry filed July 29, 2003, the trial court denied said motion.
>
> Appellant appealed this decision on August 25, 2003 (App. No. 03CA76) and August 27, 2003 (App. No. 03CA78). Both these appeals were dismissed on November 3, 2003 and December 19, 2003, respectively.
>
> Appellant filed motions to reopen. This court granted said motions and reopened the cases on May 12, 2004. This court affirmed the trial court's denial of appellant's petition for post conviction relief. See, *State v. Kimbrough*, Licking App. Nos. 03CA76, 03CA78, 2004-Ohio-5429. The Ohio Supreme Court denied appellant's motion to file a delayed appeal. *State v. Kimbrough*, 106 Ohio St.3d 1408, 2005-Ohio-3154, 830 N.E.2d 343. Appellant's motion to reconsider was also denied. *State v. Kimbrough*, 106 Ohio St.3d 1511, 2005-Ohio-4605, 830 N.E.2d 1251.
>
> On December 16, 2005 appellant filed a motion for a new trial. The trial court denied appellant's motion by Judgment Entry filed January 19, 2006. This court affirmed the trial court's denial of appellant's motion for new trial. See, *State v. Kimbrough*, Licking App. No.2006-CA-15, 2006-Ohio-4907.
>
> On May 5, 2008 appellant filed a petition to vacate or set aside sentence. The trial court denied appellant's motion by Judgment Entry filed May 21, 2008.

*State v. Kimbrough*, 2008 4061198 (Ohio App. 5th Dist. September 2, 2008). On September 2, 2008, the appellate court denied petitioner's post conviction petition. *Id.* It does not appear that petitioner ever filed an appeal to the Ohio Supreme Court.

On April 20, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent

2

in violation of the Constitution of the United States based upon the following grounds:

> 1. On Oct. 28, 2002, the grand jury dismissed the charge of kidnapping. On Oct. 31, 2002, the prosecutor went had me indicted for robbery and kidnapping. And tried to play as if I was arrest[ed] on Nov. 1, 2002. By that indictment warrant, information when I was already the county [sic].
>
> 2. I tried to get the appeal court to reconsider their ruling but I was refuse because I was late. I then tried again by showing the reason I was late was due to the clerk of court taking its time to notify me. They again refuse to look at my evidence that I've been trying to get on record.
>
> 3. I then file a motion on the grounds my indictment doesn't charge me. The indictment is defective. The indictment only speaks of the law, and does not charge me.
>
> 4. I file a motion to withdraw my guilty plea. When the appeal court ruled the clerk of court held that ruling until it was to[o] late for me to request it be reopen. I then submitted evidence to show why I was late, I was still denied to reopen and present the evidence cause [sic] none of it is on record.[1]

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

[1] Petitioner additionally asserts, in his memorandum in support of his petition, that he was denied the effective assistance of trial counsel, and denied his right to have a fair trial due to prosecutorial misconduct.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on January 18, 2004, forty-five days after the appellate court's December 4, 2003, decision denying petitioner's direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. See Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Assuming, however, that petitioner's June 24, 2000, post conviction petition and his December 16, 2005, motion for a new trial tolled the running of the statute of limitations until September 22, 2006, when the appellate court affirmed the trial court's dismissal of petitioner's motion for a new trial, *see State v. Kimbrough*, 2006 WL 2708456 (Ohio App. 5th Dist. September 22, 2006), the statute of

4

limitations nonetheless expired one year later, on September 22, 2007.[2] *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Petitioner waited more than 1 ½ years later, until April 14, 2009, to execute the instant habeas corpus petition. His May 5, 2008, post conviction petition did not toll the running of the statute of limitations since the statute of limitations had already long since expired before he filed such action. "The tolling provision does not ... 'revive' the limitations period ( i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578 (unpublished), 2003 WL 21259699 (6th Cir. May 28, 2003) (same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. See *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir.2003).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

---

[2] The state appellate court granted petitioner's motions to reopen his post conviction appeal on May 12, 2004, but on October 8, 2004, affirmed the trial court's dismissal of his post conviction appeal. *State v. Kimbrough*, 2004 WL 2283588 (Ohio App. 5th Dist. October 8, 2004). On June 29, 2005, the Ohio Supreme Court denied petitioner's subsequent motion for delayed appeal. *State v. Kimbrough*, 106 Ohio St.3d 1408 (2005). On September 7, 2005, the Ohio Supreme Court denied petitioner's motion for reconsideration. *State v. Kimbrough*, 106 Ohio St.3ed 1511 (2005).

supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge