# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JIMMIE KIMBROUGH,** | CASE NO. 2:09-cv-306 |
| | **JUDGE GRAHAM** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **STUART HUDSON, Warden,** | |
| Respondent. | |

## OPINION AND ORDER

On August 20, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner contends that equitable tolling of the statute of limitations is appropriate because he lacked constructive knowledge of the time limitations for filing a federal habeas corpus petition, because he is the victim of a manifest miscarriage of justice, has been diligent in pursuing his claims, and because any delay in filing his habeas corpus petition is due to his *pro se* status and lack of legal knowledge. *See Objections*. Petitioner's arguments are not persuasive.

"[P]etitioner bears the ... burden of persuading the court that he or she is entitled to

equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt,* 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the

statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988).

Despite petitioner's contention that he lacked knowledge of the one-year filing requirement in habeas corpus cases, petitioner would not have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218.

> An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002) (holding that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations"). Therefore, petitioner's difficulties with reading or writing the English language do not entitle him to equitable tolling.

*Waters v. Renico*, unpublished, 2005 WL 1838625 (E.D.Michigan, July 29, 2005).

> [Y]outh, relative lack of education, and ... lack of legal knowlege are not ... extraordinary circumstances. *See, e.g., Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir.2001)

3

> (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir.2001). As the Seventh Circuit said recently in *Williams v. Sims,* 390 F.3d 958 (7th Cir.2004), even reasonable mistakes of law made by *pro se* litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have ... any lawyers." *Id.*

*Granberry v. Frank*, unpublished, 2005 WL 2465911 (E.D.Wisconsin, October 6, 2005). Despite petitioner's argument to the contrary, the record fails to reflect that he acted with diligence in pursing his claims. As discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's conviction became final on January 18, 2004. Assuming his post conviction petition and motion for a new trial tolled the running of the statute of limitations until September 22, 2006, when the appellate court affirmed the trial court's dismissal of petitioner's motion for a new trial, the statute of limitations expired one year later, on September 22, 2007. Petitioner waited more than 1 ½ years later, until April 14, 2009, to execute this habeas corpus petition.

Petitioner also argues that he is the victim of a manifest miscarriage of justice. Actual innocence may justify equitable tolling of the statute of limitations. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying

> claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90 (footnote omitted). The record fails to reflect that petitioner can meet this standard here.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

S/ James L. Graham
JAMES L. GRAHAM
United States District Judge

Date: Nov. 3, 2009